**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RICHARD NORRIS,** : | |
| 1457 S High St : | Case No.: 2:19-cv-5653 |
| Columbus, OH 43207 : | |
| : | JUDGE |
| Plaintiff, : | |
| : | MAGISTRATE JUDGE |
| v. : | |
| : | |
| **DANIEL DILLON** : | **Jury Demand Endorsed Hereon** |
| 8706 Rutherford Estates Ct. : | |
| Powell, OH 43065 : | |
| : | |
| and : | |
| : | |
| **NIGHTINGALE VENTURES LTD.** : | |
| c/o Registered Agent : | |
| Dwacka J. Dillon : | |
| 983 Riverpoint Court : | |
| Powell, OH 43065 : | |
| : | |
| and : | |
| : | |
| **SWAN LAKE EVENT CENTER LLC** : | |
| c/o Registered Agent : | |
| Matthew Gibson : | |
| 9999 Brewster Lane, Suite 101 : | |
| Powell, OH 43065 : | |
| : | |
| Defendants. : | |

**COMPLAINT**

NOW COMES Plaintiff Richard Norris ("Plaintiff") and proffers this Complaint for damages against Defendant Daniel Dillon, Defendant Nightingale Ventures Ltd., and Defendant Swan Lake Event Center LLC (collectively "Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 *et seq*., the Ohio Prompt Pay Act, and the Ohio Constitution.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction over Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court also has jurisdiction over Plaintiff's claims under the statutory laws of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performed his job duties there, and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Richard Norris is an individual, a United States citizen, and a resident of Delaware County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendants as that term is defined by the FLSA and R.C. Chapter 4111.

7. Defendant Dillon is the owner of Defendant Nightingale Ventures Ltd. and Defendant Swan Lake Event Center LLC.

8. Defendant Nightingale Ventures Ltd. is a limited liability company registered to do business in Ohio.

9. Defendant Swan Lake Event Center LLC is a limited liability company registered to do business in Ohio.

10. At all times relevant herein, Defendants were "employers" as that term is defined by the FLSA and R.C. Chapter 4111.

11. At all times relevant herein, Defendants have been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.

12. Upon information and belief, at all times relevant herein, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

## FACTUAL BACKGROUND

13. Plaintiff was employed by Defendants between approximately May 2017 and November 17, 2019.

14. Throughout his employment, Plaintiff worked in the position of Project Manager.

15. In this position, Plaintiff was responsible for manual labor tasks including the operation of construction/landscaping equipment and performing landscaping work at various locations.

16. Plaintiff's primary job duties required the performance of manual work.

17. Plaintiff did not supervise any employees in this role.

18. When Defendant Dillon first hired Plaintiff, they agreed that Plaintiff would be paid by the hour.

19. Defendants never tracked Plaintiff's hours worked. Plaintiff did not clock in and out for work, nor was he told to submit his hours worked to Defendants in any other manner.

20. Plaintiff typically worked between 60-80 hours per week during warm weather months, and between 40-45 hours per week during colder months.

21. Plaintiff was frequently required to work seven days per week.

22. Defendants failed to compensate Plaintiff at a rate of one and one-half his regular hourly rate for his hours worked in excess of 40 per workweek.

23. Throughout his employment, Plaintiff was not exempt from the overtime mandates of the FLSA and OMFWSA.

24. On or about November 25, 2019, Plaintiff sent a text message to Defendants' HR representative, Olivia (LNU), inquiring as to whether he was considered an employee or an independent contractor while he was employed with Defendants.

25. Plaintiff was told he was a "Sub Contractor, at will."

26. Plaintiff was misclassified as an independent contractor. Plaintiff is properly classified as an employee.

27. Plaintiff did not receive a Form W-9 from Defendants at the beginning of his employment, nor has he ever received a Form 1099 from Defendants.

28. Defendants controlled all aspects of Plaintiff's job duties.

29. Defendants provided Plaintiff a list of tasks to complete at each property, and Defendants decided whether Plaintiff could utilize additional subcontractors to complete these tasks.

30. Defendants did not permit Plaintiff to work for any other employer, nor did Plaintiff have time to work for any other employer.

31. Plaintiff used Defendants' tools to perform his job duties.

32. Defendants failed to compensate Plaintiff in accordance with the FLSA, the OMFWSA, and Ohio law.

## COUNT I
### FLSA 29 U.S.C. § 201, *et seq.* – Failure to Pay Overtime
### (Against all Defendants)

33. All of the preceding paragraphs are realleged as if fully rewritten herein.

34. Plaintiff was employed by Defendants within the previous three years of the filing of this Complaint.

35. Plaintiff was not exempt from the overtime provisions of the FLSA.

36. Defendants misclassified Plaintiff as an independent contractor and failed to pay Plaintiff an overtime premium for all hours worked in excess of 40 per workweek.

37. Defendants were aware that Plaintiff worked more than 40 hours per workweek but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per workweek.

38. Defendants knew or should have known of the overtime payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked in excess of 40 per workweek.

39. Defendants' refusal to properly compensate Plaintiff as required by the FLSA was willful.

40. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT II
### R.C. 4111.03 – Failure to Pay Overtime
### (Against all Defendants)

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. Defendants violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Section 4111.03, by misclassifying Plaintiff as an independent contractor and failing to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 in each workweek.

43. Defendants' knowing failure to pay Plaintiff overtime wages for hours worked in excess of 40 per workweek is a violation of Section 4111.03 of the Ohio Revised Code.

44. For Defendants' violations of R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT III
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday
### (Against Defendant Nightingale Ventures Ltd. and
### Defendant Swan Lake Event Center LLC only)

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendants to compensate its employees within thirty (30) days of the performance of compensable work.

47. Defendants misclassified Plaintiff as an independent contractor.

48. Defendants failed to make proper wage payments to Plaintiff for all hours worked.

49. By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. 4113.15.

6

50. As a result, in addition to the amount owed to Plaintiff, Defendants are liable to Plaintiff for an amount equal to six percent of Plaintiff's claim still unpaid or two hundred dollars per paid period, whichever is greater.

## COUNT IV
### Ohio Const. Art. II, §34a – Failure to Maintain Wage and Hour Records
### (Against Defendant Nightingale Ventures Ltd. and
### Defendant Swan Lake Event Center LLC only)

51. All of the preceding paragraphs are realleged as if fully rewritten herein.

52. Article II, Section 34a of the Ohio Constitution requires employers to maintain records for each employee showing that employee's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to an employee for a period of not less than three years following the last date that the employee was employed.

53. Defendants misclassified Plaintiff as an independent contractor.

54. Defendants did not track or maintain the hours worked by Plaintiff for each day worked because it did not track this information or request this information from Plaintiff.

55. As a result, Defendants have failed to maintain accurate and complete records for Plaintiff.

56. By failing to maintain proper wage and hour records, Defendants have violated Article II, Section 34a of the Ohio Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

   A. For all counts, monetary damages including back pay and benefits, front pay, statutory liquidated damages, expert witness fees and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $75,000.00;

B. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

C. An injunction against Defendants preventing them from engaging in each of the unlawful practices, policies, and patters set forth herein;

D. An award of unpaid wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

E. An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C., Chapter 4111;

F. An award of an additional six percent of Plaintiff's unpaid wages, or two hundred dollars per pay period in which Defendants failed to properly compensate Plaintiff, whichever is greater, pursuant to R.C. 4113.15;

G. An award of prejudgment and post judgment interest;

H. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

I. Any and all other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (614) 547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Greg R. Mansell*_____
Greg R. Mansell (0085197)