UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD NORRIS,**

      **Plaintiff,**

  v.

**DANIEL DILLON,** *et al.***,**

      **Defendants.**

**Case No. 2:19-cv-5653**
**JUDGE SARAH D. MORRISON**
**MAGISTRATE JUDGE VASCURA**

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice ("Joint Motion") (ECF. No. 9). For the following reasons, the Joint Motion is **GRANTED**. The Agreement is **APPROVED**.

### I.

Plaintiff asserts that Defendants Daniel Dillon, Nightingale Ventures Ltd., and Swan Lake Event Center LLC violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and related Ohio laws by misclassifying him as an independent contractor and by failing to pay him overtime for hours worked in excess of forty per workweek.

Under the proposed Settlement Agreement and General Release ("Agreement"), Plaintiff agrees to dismiss the lawsuit with prejudice and to release all claims through the date of the Agreement's execution. Defendants, in turn, will pay $19,088 to Plaintiff and $13,412 to Mansell Law LLC for Plaintiff's representation.

FLSA settlement agreements generally require approval by a district court or the United States Department of Labor. *See* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011). "Before approving a settlement, a district

1

court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.*

Having reviewed the Agreement submitted to the Court as Exhibit 1 to the Joint Motion, as well as the pleadings and motions on file in this action, and for good cause established therein, the Court enters this Order approving the Agreement. The Court finds that the Agreement resolves the disputes between the parties including those under the FLSA and resulted from arms-length negotiations between counsel after substantial investigation. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation and the stage of the proceedings; the amount, if any, offered in the Settlement; and the experience and views of counsel for the Parties.

## II.

For the foregoing reasons, the parties' Joint Motion (ECF No. 9) is **GRANTED**. The Settlement Agreement and General Release (ECF No. 9-1) is **APPROVED**. The claims are **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**